IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ASHLEY MARIE BRADLEY,

      Plaintiff,

   v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

      Defendant.

Case No. 3:12-cv-02054-AA

OPINION AND ORDER

---

MERRILL SCHNEIDER
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293
    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
District of Oregon
ADRIAN L. BROWN
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97201-2902

ERIN F. HIGHLAND
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Ave, Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for Defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Ashley Bradley brings this action seeking judicial review of a final decision of the Commissioner denying Plaintiff's application for supplemental security income (SSI) under Title XVI of the Social Security Act (the Act). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner's decision is affirmed.

## BACKGROUND

On January 19, 2010, Plaintiff protectively filed an application for SSI benefits. Tr. 33. After Plaintiff's application was denied, Plaintiff and a vocational expert appeared and testified before an Administrative Law Judge (ALJ) on June 30, 2011. Tr. 49-66. On July 20, 2011, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 30-42. On September 21, 2012, the Appeals Council denied review, rendering the ALJ's decision the final agency decision. Tr. 1-3. Plaintiff now seeks judicial review of that decision.

Plaintiff was twenty-four years old on the date her SSI application was filed, with a ninth-grade education and no past relevant work experience. Tr. 41, 54. Plaintiff alleges disability resulting from impairments including post-traumatic stress disorder, schizoaffective disorder, and panic disorder with agoraphobia. Tr. 35.

///

2 - OPINION AND ORDER

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it contains no errors of law and is supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). In considering whether the Commissioner's findings are supported by substantial evidence in the record, the court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). While questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999), any negative credibility findings must be supported by findings on the record supported by substantial evidence. Cequerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991).

///

///

3 - OPINION AND ORDER

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

The ALJ evaluated Plaintiff's allegation of disability pursuant to the relevant five-step sequential process. Tr. 33-35; See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity between the alleged onset of disability on January 19, 2010 and the administrative hearing. Tr. 35; 20 C.F.R. § 416.920(b).

At step two, the ALJ found that Plaintiff suffered from numerous severe impairments including post-traumatic stress disorder, schizoaffective disorder bipolar type, and panic disorder with agoraphobia. Tr. 35; 20 C.F.R. § 416.920(c).

At step three, the ALJ determined that these impairments did not meet or medically equal one of several listed impairments that qualify an applicant for disability benefits without consideration of age, education, or work experience. Tr. 36; 20 C.F.R. §§

4 - OPINION AND ORDER

416.920(d), 416.925.

The ALJ determined that Plaintiff's residual functional capacity (RFC) enabled Plaintiff to perform a full range of work at all exertional levels. The ALJ further found nonexertional limitations requiring that Plaintiff perform only simple, routine tasks, with no public contact or close cooperation with coworkers, and with no more than three or four coworkers and a supervisor who sets clear goals. Tr. 37; 20 C.F.R. §§ 416.920(e), 416.945.

The ALJ skipped step four of the process because Plaintiff has no relevant past work experience. Tr. 41; 20 C.F.R. §§ 416.920(f), 416.965.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing other jobs existing in significant numbers in the national economy, including kitchen helper and hand packager. Tr. 41; 20 C.F.R. §§ 416.920(g), 416.966. Therefore, the ALJ found Plaintiff not disabled under the meaning of the Act. Tr. 42.

## DISCUSSION

Plaintiff asserts that the ALJ improperly rejected the opinions of two treatment providers - Edward Rosanski, PMHNP, and Nanette Van Riper, LPC, MA, MFT. This court disagrees.

The parties agree that both Ms. Van Riper and Mr. Rosanski are not "acceptable medical sources" under 20 C.F.R. § 416.913, but are rather "other sources" as specified by 20 C.F.R. § 416.913(d), a

5 - OPINION AND ORDER

category which includes nurses, counselors, and therapists. The opinions of other sources can be disregarded by an ALJ only if the ALJ provides "reasons germane to each witness for doing so." <u>Turner v. Comm'r of Soc. Sec.</u>, 613 F.3d 1217, 1223-24 (9th Cir. 2010)(quoting <u>Lewis v. Apfel</u>, 236 F.3d 503, 511 (9th Cir. 2001).

Ms. Van Riper's opinion stated that Plaintiff suffered from numerous symptoms including "mood swings, audio-visual hallucinations, anxiety, panic attacks, social withdrawal, and crying spells," had limitation in "social functioning, and maintaining concentration persistence, and pace," and would therefore miss two or more days of work per month. Tr. 40, 383-87. Mr. Rosanski noted similar symptoms, stating that Plaintiff's impairments caused, "mild restrictions in activities of daily living and marked limitations in social functioning and maintaining concentration, persistence, and pace," and agreed that Plaintiff would miss two or more days of work per month. Tr. 40, 388-92.

The opinions of Ms. Van Riper and Mr. Rosanski were rejected by the ALJ in a similar manner. With regards to Ms. Van Riper's opinion, the ALJ found that "her assessment is inconsistent with the longitudinal record, and the objective medical evidence does not support the level of limitation that she proposes. Accordingly, Ms. Van Riper's opinion deserves limited weight." Tr. 40. With regards to Mr. Rosanski's opinion, the ALJ found, "[a]s with Ms. Van Riper's assessment, the objective medical evidence does not

6 - OPINION AND ORDER

support the degree of limitation proposed by Mr. Rosanski. Accordingly, Mr. Rosanski's opinion also receives limited weight." Tr. 40.

Although the ALJ's dismissal of both sources appears curt, this court agrees with the Commissioner that the dismissals are based on substantial evidence as set forth in the ALJ's thorough summary and analysis of the objective medical evidence. The ALJ found:

> The record clearly shows that the claimant has mental health problems. However, it also contains persuasive evidence that her diagnoses are not disabling. Overall, the claimant's treatment records show a general waxing and waning of her reported symptoms, which appear to be related to changes in the claimant's medication regime. The claimant is prescribed and takes appropriate medications for the alleged impairments, which weighs in her favor, but the medical records reveal that the medications have been relatively effective in controlling her symptoms. Tr. 38.

The ALJ provided an extensive description of Plaintiff's medical history, concluding that the medical record is "persuasive evidence that consistent medications use treats her symptoms to the degree that she can perform fulltime work activity consistent with the residual functional capacity determined in this decision." Tr. 39.

These findings are supported by substantial evidence in the record, as summarized by the ALJ. Tr. 38-39. For example, one month after Plaintiff began treatment at Cascadia Behavioral Healthcare in January 2010, where she was prescribed the medication Abilify,

7 - OPINION AND ORDER

she reported that her sleep had stabilized, and her paranoia and depression had lessened. Tr. 38, 193, 197. In March 2010, Plaintiff neglected to take her medication while on vacation, and thereafter reported feeling "numb." Tr. 39, 254. In April 2010, however, she was "back to taking her medications as directed," and things seemed "clearer." Tr. 253. In May 2010, around the time of her sister's wedding, Plaintiff again lapsed in taking her medications because she found them too sedating, and suffered from increased panic attacks and hallucinations. Tr. 39, 249. In June 2010, when Plaintiff was once again back on her medications, Plaintiff stated that she was "doing good." Tr. 353.

Medical evidence that contradicts the opinion of an other source, when considered and discussed by an ALJ, can constitute a germane reason to disregard the opinion of that source. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)(upholding the ALJ's rejection of testimony when "documented medical history and findings and prior recorded statements are contrary to the testimony."). The ALJ's findings and the medical evidence provided germane reasons to disregard Ms. Van Riper and Mr. Rosanski opinions regarding Plaintiff's limitations.

Further, although the ALJ disagreed with the extent of limitation caused by the symptoms indicated by Ms. Van Riper and Mr. Rosanski, the ALJ's RFC assessment reflects some degree of limitation. The RFC limits Plaintiff to work that does not require

8 - OPINION AND ORDER

public contact or close cooperation with coworkers, a work environment with no more than three or four coworkers, and specifies a supervisor who sets clear goals. These limitations are informed by the medical findings of Ms. Van Riper and Mr. Rosanski, as well as those of state Disability Determination Services' Dr. Kennemer.

Therefore, this court finds that the ALJ provided sufficiently germane reasons for rejecting the opinions of both Edward Rosanski and Nanette Van Riper relating to the limiting effects of Plaintiff's impairments.

## CONCLUSION

For the foregoing reasons, the ALJ's finding that Plaintiff was not disabled under the Act is supported by substantial evidence in the record and was not based upon legal error. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 15th day of November, 2013.

_____
Ann Aiken
United States District Judge

9 - OPINION AND ORDER